# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2930

_____

Jannell Jackson, on behalf of Christina    *
S. Watson,                                 *
                                           *
             Appellant,             *
                                  *   Appeal from the United States
    v.                              *   District Court for the
                                  *   Eastern District of Arkansas.
Michael J. Astrue, Commissioner,    *
Social Security Administration        *   [UNPUBLISHED]
                                  *
             Appellee.             *

_____

Submitted: November 7, 2008
Filed: December 2, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jannell Jackson, on behalf of her daughter Christina Watson (Christina), appeals the district court's[1] order affirming the denial of supplemental security income. In a 2003 application, Jackson alleged that Christina had been disabled since October 1997 from asthma, slow learning, speech deficits, and a "weight problem." At a 2004

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

hearing, an administrative law judge (ALJ) declined to reopen a previous application, thus making November 2001 the alleged onset date. The ALJ determined that since November 2001 Christina had not been under a disability: she had not engaged in substantial gainful activity; her severe impairments, obesity and asthma, did not meet or medically equal any listing; her subjective complaints and related witness allegations were credible only to the extent they were supported by the summarized evidence of record; and because she did not have an "extreme" limitation in any domain of functioning, or a "marked" limitation in two domains, her impairments did not equal the severity of any listing. The Appeals Council denied review, and the district court affirmed.

For reversal, Jackson argues that (1) Christina met or medically equaled the requirements for subsections B and C of Listing 103.03 (asthma); (2) the ALJ erred by not finding her borderline intelligence severe; and (3) the ALJ failed to point to any inconsistencies in the record to support his finding that the hearing testimony was not entirely credible. Having carefully reviewed the record, see Samons v. Astrue, 497 F.3d 813, 816, 820 (8th Cir. 2007) (standard of review), we affirm for the reasons that follow.

First, the medical records from the relevant period provide substantial evidence for the ALJ's implicit finding that Christina did not meet or medically equal the criteria for subsections B or C of Listing 103.03. See Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 n.3 (8th Cir. 2005) (noting that ALJ's failure to address specific listing is not reversible error if record supports overall conclusion); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (burden is on claimant to show she meets or equals listing's requirements; to meet listing, impairment must meet all specified criteria); see also Neal ex rel. Walker v. Barnhart, 405 F.3d 685, 689 (8th Cir. 2005) (child's impairment is medically equal to listing if it is at least equal in severity and duration to listing's medical criteria). Second, even assuming that Christina has borderline intelligence and that this is a severe impairment, see id. at

-2-

689-90 (leaving undisturbed ALJ's determination that child claimant's borderline intelligence constituted severe impairment), the record does not show that her intelligence level was functionally equal to Listing 112.05 (mental retardation), which is presumably the listing to which Jackson refers. Third, even if all the hearing testimony were credited, we fail to see how it would undercut the ALJ's ultimate determination that Christina was not disabled. We decline to address the remaining issues Jackson raises, as they provide no basis for reversal. Accordingly, we affirm.

_____